IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELISA REID, formerly known as FELISA ALLEN, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) ) |
| Defendant. | ) |

# COMPLAINT

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Portfolio Recovery Associates, LLC ("PRA"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant Portfolio Recovery Associates, LLC does or transacts business within this District.

## PARTIES

4. Plaintiff Felisa Reid, formerly known as Felisa Allen, is a resident of Naperville, Illinois.

5. Defendant PRA is a limited liability company with principal offices at

1

120 Corporate Boulevard, Norfolk, Virginia  23502.

6. Defendant PRA does business in Illinois.  Its registered agent and office is National Registered Agents Inc., 200 West Adams St.,Chicago, IL 60606.

7. Defendant PRA is the principal subsidiary of a public company, Portfolio Recovery Associates, Inc.

8. Defendant's parent describes its business as follows in its annual report on SEC Form 10-K for the year ending December 31, 2007:

> We are a full-service provider of outsourced receivables management and related services. Our primary business is the purchase, collection and management of portfolios of defaulted consumer receivables. These are the unpaid obligations of individuals to credit originators, which include banks, credit unions, consumer and auto finance companies and retail merchants. We also provide a broad range of contingent and fee-based services, including collateral-location services for credit originators via PRA Location Services, LLC ("IGS"), fee-based collections through Anchor Receivables Management ("ARM") and revenue administration, audit and debt discovery/recovery services for government entities through PRA Government Services, LLC ("RDS"). . . . .

9. Defendant PRA uses the mails and telephone system to conduct its business.

10. Defendant PRA is a debt collector as defined in the FDCPA.

FACTS

11. On or about August 17, 2008, plaintiff was served with a summons and complaint by PRA.  The summons and complaint were issued in a case entitled Portfolio Recovery Associates, LLC v. Felicia Allen, 06 M1 202827.  The case had been filed in 2006, but no one was served until August 2008.

12. The complaint sought to recover a credit card account allegedly opened with First North American National Bank and ending in 9534.

13. Plaintiff never had any such account.

14. On information and belief, the account belonged to someone named Felicia Allen who at one time may have lived at 4210 W. Thomas St., Chicago, Illinois.  This was a different person than Ms. Reid.

15. When plaintiff contacted PRA through its counsel after being served and informed them that she was not the debtor, she was told that she was the debtor and did owe the debt. She gave her Social Security Number to show that it was not the same as that of the intended debtor. PRA insisted on proceeding.

16. Plaintiff was forced to retain counsel and defend the lawsuit as if she was the intended party.

17. PRA responded to discovery that Ms. Reid was the cardholder. When asked to "State the names, addresses and telephone numbers of any persons who observed the defendant engage in any transaction giving rise to the alleged debt upon which you have sued," PRA responded with plaintiff's name and Naperville address.

18. When plaintiff moved for summary judgment, PRA resisted, insisting that it was entitled to proceed to trial against plaintiff. "Plaintiff is confident that the testimony of the Plaintiff [PRA] combined with the testimony of the defendant [Felicia Reid] will be enough to prove-up the facts alleged in the Plaintiff's Complaint."

19. PRA thus repeatedly misrepresented to plaintiff and the court that plaintiff was the intended debtor.

20. PRA had no basis for contending or evidence showing that plaintiff was its debtor, nor was it ever able to obtain such basis or evidence.

21. PRA had no account application or anything else which might lead one to believe that Felisa Reid, formerly Felisa Allen, residing in Naperville, Illinois, was the purported debtor.

22. The conduct involved in this case is not unusual for debt buyers. In 2004, the Federal Trade Commission shut down a debt buyer called CAMCO headquartered in Illinois. The following is from a press release issued by the FTC in connection with that case.

> . . . In papers filed with the court, the agency charged that as much as 80 percent of the money CAMCO collects comes from consumers who never owed the

3

original debt in the first place. Many consumers pay the money to get CAMCO to stop threatening and harassing them, their families, their friends, and their co-workers.

According to the FTC, CAMCO buys old debt lists that frequently contain no documentation about the original debt and in many cases no Social Security Number for the original debtor. CAMCO makes efforts to find people with the same name in the same geographic area and tries to collect the debt from them – whether or not they are the actual debtor. In papers filed with the court, the FTC alleges that CAMCO agents told consumers – even consumers who never owed the money – that they were legally obligated to pay. They told consumers that if they did not pay, CAMCO could have them arrested and jailed, seize their property, garnish their wages, and ruin their credit. All of those threats were false, according to the FTC. . . .  (http://www.ftc.gov/opa/2004/12/camco.htm)

23. The Circuit Court granted Ms. Reid summary judgment.

24. Plaintiff was damaged as a result of PRA's debt collection activities, incurring both monetary loss and aggravation.

## COUNT I – FDCPA

25. Plaintiff incorporates paragraphs 1-24.

26. PRA violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by representing that plaintiff was the person that defaulted on a credit card account allegedly opened with First North American National Bank and ending in 9534.

27. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

4

    a.  Actual damages;

    b.  Statutory damages;

    c.  Attorney's fees, litigation expenses and costs of suit;

    d.  Such other or further relief as the Court may deem appropriate.


          <u>s/Daniel A. Edelman</u>
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\23158\Pleading\Complaint - Federal_Pleading.WPD